IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REBECCA LEE BLANKS                                                              PLAINTIFF

vs.                                   Civil No. 1:16-cv-01028

NANCY BERRYHILL                                                                 DEFENDANT
Acting Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Rebecca Lee Blanks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 10.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     <u>Background</u>:**

Plaintiff protectively filed her disability application on July 17, 2013. (Tr. 55). In this application, Plaintiff alleges being disabled due to primary open angel glaucoma, macular degeneration, and hypertension. (Tr. 150). Plaintiff alleged an onset date of July 16, 2013. (Tr. 55, 150). This application was denied initially and again upon reconsideration. (Tr. 55, 31-70, 73-74).

Plaintiff requested an administrative hearing on March 6, 2014. (Tr. 76). This hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

request was granted and Plaintiff's administrative hearing was held on November 4, 2014. (Tr. 10-30). At this hearing, Plaintiff was present and was represented by Michael Angel. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 14). As for her education, Plaintiff testified she had four years of college. (Tr. 15, 151).

On January 22, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 55-63). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act through December 31, 2014. (Tr. 57, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") from July 16, 2013, through last date insured of December 31, 2014. (Tr. 57, Finding 2).

The ALJ then found Plaintiff had the following severe impairments: glaucoma, macular degeneration, and carpal tunnel syndrome. (Tr. 57, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 58, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 59-61, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform work at all exertional levels except she could not perform jobs requiring rapid, repetitive flexion or extension of the wrists bilaterally; cannot perform frequent fingering; must avoid hazards such as unprotected heights, moving machinery, and open flames; and has unlimited

far acuity but limited near acuity and cannot discern items smaller than large print. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 61, Finding 6). The ALJ found Plaintiff not capable of performing her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 62, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as cafeteria attendant with 1,100 such jobs in Arkansas and 140,000 such jobs in the nation, and housekeeper with 2,000 such jobs in Arkansas and 220,000 such jobs in the nation. Id. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 16, 2013, through the date last insured. (Tr. 62, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On March 16, 2016, the Appeals Council denied this request for review. (Tr. 1-7). On April 25, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in determining Plaintiff's severe impairments, and (2) the ALJ erred in assessing her credibility. ECF No. 15 at 6-11. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ outlined Plaintiff's medical records and then proceeded to discount her subjective complaints because they were not supported by the medical records.

Notably, instead of evaluating the *Polaski* factors as the ALJ understood he was required to do and instead of stating inconsistencies in the record as required by *Polaski*, the ALJ stated the following:

6

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 60).

The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

The ALJ's decision to discount Plaintiff's subjective complaints because the medical evidence did not support those allegations was entirely improper under *Polaski*. *See Polaski,* 739 F.2d at 1322 (recognizing the ALJ cannot discount a claimant's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of April 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE